[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO THE ACCEPTANCE OF THE FINDING OF FACTS
This matter comes before the court after an evidentiary hearing before a fact finder pursuant to Conn. P.B. § 23-53. The fact finder conducted the hearing and rendered a finding on April 3, 2000, recommending judgment for the plaintiff for $12,470.21 plus prejudgment interest of $1240.20 and costs. The defendant has filed a timely objection under Conn. P.B. § 23-57 and requests that the court remand the matter to the fact finder for further findings and conclusions pursuant to § 23-58.
The underlying case is a lawsuit seeking payment for services rendered. The plaintiff Circle "A" Automotive Service, Inc., and the defendant American Rentals, Inc., are both commercial enterprises. The defendant used the plaintiff to perform service and repairs on the defendant's motor vehicles pursuant to an open credit account. The parties signed a written contract and application for credit on August 25, 1994.
Beginning in 1997, the defendant failed to pay certain charges for work on the vehicles and this lawsuit followed in November 1999. The fact finder found that the plaintiff performed work on the defendant's vehicles for which it was not paid, and that the value of the labor and materials provided was $12,470.21. The fact finder does not address the merits of the defense raised by the defendant of Conn. Gen. Stat. §14-65e et seq. Those statutes define what type of business constitutes a "motor vehicle repair shop;" and they prohibit such a business from charging a customer "for work done or parts supplied without a written
authorization . . . unless the customer gives consent orally or in writing." Conn. Gen. Stat. § 14-65f(a). Further Conn. Gen. Stat. § 14-65g prescribes the method for obtaining a waiver from the customer.
The defendant in its answer and special defense did not refer specifically to the statutes on motor vehicle repair shops in denying the plaintiff's allegations. Rather the Second Special Defense reads: "The Defendant did not give written or oral authorization for the Plaintiff to conduct such work." The court reads this language, despite the absence of a precise statutory citation, as pleading the prohibition of a repair shop to collect from a customer unless the requirements of the statute are met. The fact finder must consider (1) whether facts exist to CT Page 8818 establish that the statute applies to these parties and to this situation as alleged by the defendant and, if so, (2) whether facts exist that would nonetheless entitle the plaintiff to recover for labor and materials, and for interest, as previously found by the fact finder.
Pursuant to the provisions of Conn. P.B. § 23-58(a)(5) the court remands the case to the fact finder who originally heard the matter for a finding on these sets of facts. The parties shall notify the fact finder and one another within thirty days of whether either of them intends to offer any additional evidence limited to these issues. If neither side wishes to offer additional evidence, the fact finder shall file an amended or supplemental memorandum containing such facts as he is able to find based on the evidence he previously heard. If either side wishes to offer additional evidence on these issues, the matter is set down for such additional evidence on September 20, 2000, at the call of the fact finding cases in Courtroom 5-C at 9:30 A.M., or to such other date as is convenient for the fact finder with prior court approval. Either side may also file supplemental memoranda of law with the fact finder as the fact finder may direct.
Patty Jenkins Pittman, Judge